FILED
M. 5/2 20 19
U.S. DISTRICT COURT
By_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 1:18CR5 |
| v. | § | Judge Marcia Crone |
| | § | |
| GREG CITIZEN a.k.a. RED (13) | § | |
| H. EARL MARION a.k.a. MATT (14) | § | |
| JULIO CARPIO a.k.a. CHAVEZ (15) | § | |
| REBECCA CATHERYN RUIZ (16) | § | |
| DAVID VILLEGAS (17) | § | |

## SECOND SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 21 U.S.C. § 846
(Conspiracy to Possess with the Intent to
Distribute a Controlled Substance
(Cocaine HCL))

That from on or about October 2016, the exact date being unknown to the Grand Jury, and continuing thereafter until January 2018, the exact date being unknown to the Grand Jury, in the Eastern District of Texas and elsewhere, **Greg Citizen a.k.a. Red, H. Earl Marion a.k.a. Matt, Julio Carpio a.k.a. Chavez, Rebecca Catheryn Ruiz,** and **David Villegas**, defendants, knowingly and intentionally conspired and agreed with each other, and with persons known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute at least 5 kilograms of cocaine HCL, a Schedule II controlled substance.

All in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

## Count Two
Violation: 18 U.S.C. § 1956(h), (i)
(Conspiracy to Launder Monetary Instruments).

That from on or about May 2017, the exact date being unknown to the Grand Jury, and continuing thereafter until December 2018, the exact date being unknown to the Grand Jury, in the Eastern District of Texas and elsewhere, **Greg Citizen a.k.a. Red and Julio Carpio a.k.a. Chavez**, defendants, did knowingly, willfully and unlawfully conspire and agree with persons known and unknown to the Grand Jury to commit offenses against the United States in violation of 18 U.S.C. § 1956(a)(1)(B)(i), that is, to knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce, which involved the proceeds of a specified unlawful activity, that is the distribution of a distributable amount of cocaine HCL, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1); knowing that the transaction was designed, in whole or in part, to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some unlawful activity.

All in violation of 18 U.S.C. §§ 1956(h), (a)(1)(B)(i), (i), and 2.

### NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE
Criminal Forfeiture Pursuant to 21 U.S.C. §§ 853 and 18 U.S.C. § 982(a)(1)

Upon conviction of the offenses alleged in Counts One and/or Two of this second superseding indictment, **Greg Citizen a.k.a. Red, H. Earl Marion a.k.a. Matt, Julio**

**Carpio a.k.a. Chavez, Rebecca Catheryn Ruiz,** and **David Villegas** defendants, shall forfeit to the United States pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 981(a)(1)(C), any property constituting, or derived from, proceeds obtained directly, or indirectly, as a result of the said violation, and any property used, or intended to be used in any manner or part, to commit or to facilitate the commission of the said violation, including but not limited to the following:

## MONEY JUDGMENT

1. A sum of money equal to five million two-hundred fifty thousand dollars ($5,250,000) in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One, conspiracy to distribute and to possess with the intent to distribute between 5 kilograms or more of cocaine HCL, a Schedule II controlled substance, for which the defendants are personally responsible for in the following amounts:

    a. **Greg Citizen a.k.a. Red**           $2.5 Million
    b. **H. Earl Marion a.k.a. Matt**        $250,000
    c. **Julio Carpio a.k.a. Chavez**        $200,000
    d. **Rebecca Catheryn Ruiz**             $250,000
    e. **David Villegas**                    $250,000

2. A sum of money equal to two hundred thirty-seven thousand four hundred dollars ($237,400) in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count Two, conspiracy to launder monetary instruments. for which the defendants are personally responsible for in the following amounts:

    a. **Greg Citizen a.k.a. Red**           $162,400
    b. **Julio Carpio a.k.a. Chavez**        $75,000

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

    (a)    cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty.

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

By virtue of the commission of the felony offense charged in this second superseding indictment by the defendants any and all interest the defendants have in the above-described properties is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853 and/or 18 U.S.C. § 981(a)(1).

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOSEPH D. BROWN
UNITED STATES ATTORNEY

_____      5/2/19
CHRISTOPHER RAPP                                            Date
Assistant United States Attorney

Second Superseding Indictment – Page 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 1:18CR5 |
| v. | § | Judge Marcia Crone |
| | § | |
| GREG CITIZEN a.k.a. RED (13) | § | |
| H. EARL MARION a.k.a. MATT (14) | § | |
| JULIO CARPIO a.k.a. CHAVEZ (15) | § | |
| REBECCA CATHERYN RUIZ (16) | § | |
| DAVID VILLEGAS (17) | § | |

## NOTICE OF PENALTY

### Count One

Violation: 21 U.S.C. §§ 841(b) and 846

Penalty: If 5 kilograms or more of cocaine HCL — imprisonment of not less than 10 years, but not more than life, a fine not to exceed $10 million, or both, and a supervised release of at least 5 years, but not more than life.

If 500 grams or more but less than 4,999 grams of cocaine HCL — imprisonment of not less than 5 years, but not more than 40 years, a fine not to exceed $5 million, or both, and supervised release of at least 4 years, but not more than life;

If less than 500 grams of cocaine HCL — not more than 20 years imprisonment, a fine not to exceed $1 million, or both, and supervised release of at least 3 years, but not more than life.

Penalty if one prior drug felony offense has become final:

If 5 kilograms or more of cocaine HCL — imprisonment of not less than 15 years, but not more than life, a fine not to exceed $20 million, or both, and supervised release of at least 10 years, but not more than life;

If 500 grams or more but less than 4,999 grams of cocaine HCL — imprisonment of not less than 10 years, but not more

Second Superseding Indictment – Page 5

than life, a fine not to exceed $8 million, or both, and supervised release of at least 4 years, but not more than life;

If less than 500 grams of cocaine HCL — not more than 30 years imprisonment, a fine not to exceed $1 million, or both, and supervised release of at least 3 years, but not more than life.

Penalty if two prior drug felony offense has become final:

If 5 kilograms or more of cocaine HCL — imprisonment of not less than 25 years but not more than life, a fine not to exceed $20 million, or both, and supervised release of at least 5 years, but not more than life;

If 500 grams or more but less than 4,999 grams of cocaine HCL — imprisonment of not less than 10 years, but not more than life, a fine not to exceed $8 million, or both, and supervised release of at least 4 years, but not more than life;

If less than 500 grams of cocaine HCL — not more than 30 years imprisonment, a fine not to exceed $1 million, or both, and supervised release of at least 3 years, but not more than life.

Special Assessment:   $ 100.00

### Count Two

Violation:   18 U.S.C. §§ 1956 (a)(1)(B)(i) and (h)

Penalty:   Not more than 20 years, a fine not to exceed $250,000 or twice the value of the property involved in the transaction, whichever is greater, and supervised release of not more than 3 years;

Special Assessment:   $ 100.00